COMMONWEALTH OF MASSACHUSETTS

BRISTOL, ss.
SUPERIOR COURT
DOCKET NO.: 2173CV00382C

BRISTOL, SS SUPERIOR COURT
FILED

MAY 20 2021

MARC J SANTOS, ESQ.
CLERK/MAGISTRATE

KRISTI FRADE,

    Plaintiff

v.

LUXOTTICA OF AMERICA, INC.,

    Defendant

## COMPLAINT AND JURY DEMAND

### Parties

1. The Plaintiff, Kristi Frade (hereinafter referred to as the "Plaintiff"), is a natural person, currently residing at 619 Old Fall River Road, North Dartmouth, Bristol County, Massachusetts.

2. The Defendant, Luxottica of America, Inc. (hereinafter referred to as "Defendant"), is a corporation which operates a LensCrafters retail store located at 382 State Road, North Dartmouth, Bristol County, Massachusetts.

### Facts

3. The Plaintiff began her employment with the Defendant in or about 2008, as an Optician working in their North Dartmouth, Massachusetts location.

4. Throughout the Plaintiff's course of employment with the Defendant, she has always performed her job responsibilities well.

5. During the Plaintiff's employment with the Defendant, she was sexually harassed by her co-worker, Jonathan Moniz.

6. In or about 2018, the Plaintiff was in a romantic relationship with Mr. Moniz. The relationship ended in or about November, 2018. Beginning in or about January, 2019, Mr. Moniz began to sexually harass the Plaintiff while at work. He would often call her a slut. There are other examples as well.

7. In or around January, 2019, the Plaintiff was on the retail floor with her supervisor, Tania Lourerio. The Plaintiff had a bruise on her lip and Mr. Moniz asked her what had happened. She replied that she had an allergic reaction. Mr. Moniz responded to the effect of, "That's from sucking too much dick." Ms. Lourerio responded to the effect of, "So what if she's sucking dick. That's none of your business."

8. Later that week, the Plaintiff reported the inappropriate comment to her General Manager, Kevin Narciso. Mr. Narciso told her that if she went to Human Resources about the comment, most likely the Defendant would transfer her and Mr. Moniz. He told the Plaintiff that her Supervisor, Ms. Lourerio, would likely not stick up for her, and would get in trouble for the comment. Mr. Narciso insinuated that the Plaintiff's complaint would not be taken seriously because of their previous romantic relationship. The Plaintiff asked Mr. Narciso what was going to happen within the store as a result of her complaint. Mr. Narciso stated he would speak with Mr. Moniz about the comment. The Plaintiff's supervisor, Stephanie Mello, was also present for this conversation.

9. In or about March, 2019, the Plaintiff transferred to the Hyannis location on Saturdays to avoid working the entire day with Mr. Moniz.

10. In or about January, 2020, Mr. Moniz continued calling the Plaintiff a slut and harassing

her at work. He would eat her food, look at her phone, and make comments about who was texting her. The Plaintiff reported this behavior to Mr. Narciso who stated, "This is why you don't date people in the workplace."

11. In or about the end of January or beginning of February, 2020, Mr. Moniz stood behind the Plaintiff and shoved a gummy bear into her mouth. She told Mr. Moniz not to touch her. There are other examples as well.

12. The Plaintiff reported this incident to Assistant Manager, Patricia Mateus, and Ms. Lourerio, including that Mr. Moniz had called her a slut on multiple occasions. The Plaintiff reported this incident to Mr. Narciso who stated to the effect of, "You guys can't work together when the managers are not there." Due to this, Mr. Narciso took the Plaintiff off the schedule on Sundays when managers are not present, while Mr. Moniz continued to work on Sundays. The Plaintiff received time and a half pay on Sundays.

13. In or about February, 2020, the Plaintiff attended a meeting with Ms. Mateus and Lab Manager, Trisha Fike, Mr. Moniz's direct supervisor. The Plaintiff informed them that she did not feel comfortable around Mr. Moniz. During this meeting, Mr. Moniz banged on the door. Ms. Fike told him to wait and asked the Plaintiff if she wanted him to join the meeting. The Plaintiff allowed Mr. Moniz to join the meeting and told him she wanted all communication with him to stop. Following this meeting, the Plaintiff was informed by Ms. Mateus that she would receive a call from Human Resources.

14. In or around February, 2020, the Plaintiff received a phone call from the Regional Manager, Greg Maksymiak, to discuss her complaint against Mr. Moniz. She informed Mr. Maksymiak that she was afraid that Mr. Moniz would come after her outside of work. Mr. Makysmiak told her that if he spoke to the Defendant's Human Resources

3

Department, it would likely lead to transfers and Mr. Moniz, "could get fired." Mr. Makysmiak told the Plaintiff that she would receive a call from Human Resources.

15. As of March, 2020, the Plaintiff did not receive a call from Human Resources. She had asked Mr. Narciso and Ms. Mateus several times when Human Resources would call her.

16. In or around mid-March, 2020, the Plaintiff was furloughed due to the COVID-19 health crisis, and had not been asked to return to work. The Defendant called other employees back into work from furlough. Mr. Moniz was never furloughed.

17. Mr. Moniz was never disciplined for sexually harassing the Plaintiff.

18. Due to reporting the sexual harassment, the Plaintiff's employment with the Defendant was not reinstated.

19. The Plaintiff has satisfied the prerequisites to filing suit.

## Count I

### (M.G.L. c. 151B - Sexual Harassment)
### Plaintiff v. Defendant Luxottica

20. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

21. The Plaintiff was treated differently as to the terms and conditions of her employment based upon the sexual harassment of the Plaintiff by the Defendant.

22. This environment and the conditions imposed upon the Plaintiff related to and adversely affected the terms and conditions of her employment.

23. The Plaintiff was severely and adversely affected by the Defendant's conduct and the failure of the Defendant to take reasonable steps to ensure that this discriminatory conduct and sexual harassment would not continue.

WHEREFORE, the Plaintiff, Kristi Frade, respectfully requests judgment against the Defendant, Luxottica of America, Inc., and for all damages available pursuant to M.G.L. c.

151B.

## Count II
### (M.G.L. c. 151B - Sex/Gender Discrimination and Harassment)
### Plaintiff v. Defendant Luxottica

24. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

25. The discriminatory and harassing treatment of the Plaintiff, as described herein, violates the express provisions of M.G.L. c. 151B with regard to sex/gender.

26. There is direct and circumstantial evidence of sex/gender bias on the part of the Defendant including, but not limited to, the incidents of discrimination and harassment set forth above.

27. This environment, the conditions imposed upon the Plaintiff and the adverse actions taken against the Plaintiff related to her sex/gender adversely affected the terms and conditions of her employment.

28. The Plaintiff was severely and adversely affected by the Defendant's conduct and the failure of the Defendant to take reasonable steps to stop the discriminatory and harassing conduct based upon sex/gender from continuing.

WHEREFORE, the Plaintiff, Kristi Frade, respectfully requests judgment against the Defendant, Luxottica of America Inc., and for all damages available pursuant to M.G.L. c. 151B.

## Count III
### (M.G.L. c. 151B – Retaliation)
### Plaintiff v. Defendant Luxottica

29. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

30. The Plaintiff was treated differently as to the terms and conditions of her employment based upon her resisting and reporting of sexual harassment and discrimination.

31. This environment and the conditions imposed upon the Plaintiff related to and adversely affected the terms and conditions of her employment. The Plaintiff was terminated from

her employment with the Defendant.

32. The Plaintiff was severely and adversely affected by Defendant's conduct and the Defendant's failure to take reasonable steps to ensure that this discriminatory conduct and sexual harassment would not continue.

WHEREFORE, the Plaintiff, Kristi Frade, respectfully requests judgment against the Defendant, Luxottica of America Inc., and for all damages available pursuant to M.G.L. c. 151B.

**THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL COUNTS SO TRIABLE IN THE SUPERIOR COURT.**

Respectfully submitted,

The Plaintiff
KRISTI FRADE
By Her Attorney,

_____  Dated: May 15, 2021
MICHAEL O. SHEA, ESQ.
BBO No.: 555474
Law Office of Michael O. Shea, P.C.
3 Crane Park Drive, Suite 7
Wilbraham, MA 01095
Telephone: (413) 596-8005
Facsimile: (413) 596-8095

#2

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 2173CV00382C | Trial Court of Massachusetts The Superior Court | eFile |
|---|---|---|---|

PLAINTIFF(S): Kristi Frade
ADDRESS: 619 Old Fall River Road, North Dartmouth, Bristol County, Massachusetts

COUNTY: Bristol

DEFENDANT(S): Chuwotta of America, Inc.

ATTORNEY: Michael O. Shea, Esq.
ADDRESS: 3 Crane Park Drive, Suite 7, Wilbraham, MA 01095

ADDRESS: 382 State Road, North Dartmouth, Bristol County, Massachusetts

BBO: 555474

BRISTOL, SS SUPERIOR COURT
FILED
MAY 20 2021
MARC J SANTOS, ESQ.
CLERK/MAGISTRATE

### TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B22 | Employment Discrimination | F | [X] YES [ ] NO |

*If "Other" please describe:

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ........................................................................................................................ $ _____
2. Total doctor expenses .......................................................................................................................... $ _____
3. Total chiropractic expenses ................................................................................................................. $ _____
4. Total physical therapy expenses .......................................................................................................... $ _____
5. Total other expenses (describe below) ............................................................................................... $ _____
   Subtotal (A): $ _____

B. Documented lost wages and compensation to date ........................................................................... $ _____
C. Documented property damages to dated ............................................................................................ $ _____
D. Reasonably anticipated future medical and hospital expenses ........................................................ $ _____
E. Reasonably anticipated lost wages ....................................................................................................... $ _____
F. Other documented items of damages (describe below) ..................................................................... $ _____

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

TOTAL (A-F): $ $25,000+

**CONTRACT CLAIMS**
(attach additional sheets as necessary)

Provide a detailed description of claims(s):
TOTAL: $ _____

Signature of Attorney/Pro Se Plaintiff: X                                    Date:

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X _____     Date: 5/15/21

*3.*

## Commonwealth of Massachusetts

BRISTOL, ss.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 2173CV00382

Kristi Frade _____ PLAINTIFF(S),

vs.

Luxottica of America, Inc. _____ DEFENDANT(S)

BRISTOL, SS SUPERIOR COURT
FILED

JUN 21 2021

MARC J. SANTOS, ESQ.
CLERK/MAGISTRATE

### SUMMONS

THIS SUMMONS IS DIRECTED TO: Luxottica of America, Inc. (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the Bristol Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by: Bristol County Superior Court,
    a. Filing your **signed original** response with the Clerk's Office for Civil Business, 9 Court Street, Rm 13, Taunton, MA 02780 (address), by mail or in person, **AND**
    b. Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: Law Office of Michael O. Shea, P.C., 3 Crane Park Dr., Suite 7. Wilbraham, MA 01095

3. **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss"**, if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at **www.mass.gov.courts/case-legal-res/rulesofcourt.**

4. **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.
5. **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and **must** appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant".

Witness Hon. Judith Fabricant, Chief Justice on _____, 20____. (SEAL)

Marc J. Santos,
Clerk/Magistrate

NOTE: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

Suffolk County Sheriff's Department • 132 Portland Street, Boston, MA 02114 • (617) 704-6999

*Suffolk, ss.*

June 15, 2021

**I hereby certify and return that on 6/15/2021 at 9:00 AM I served a true and attested copy of the Summons, Complaint, Cover Sheet and Tracking Order in this action in the following manner: To wit, by delivering in hand to Ross Depina, agent and person in charge at the time of service for Luxottica of America, Inc., at 155 Federal Street CT Corporation System Boston, MA 02110 . Attest/Copies ($5.00) Basic Service Fee (IH) ($30.00) Conveyance ($0.30) Postage and Handling ($1.00) Travel ($17.92) Total: $54.22**

Deputy Sheriff    Joseph Casey

*Joseph P Casey*

*Deputy Sheriff*